SARA ISAACSON, ESQ.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
--------------------------------------------------------X
FABIAN CARRASCO LEON, *individually and on behalf of others similarly situated,*

                        *Plaintiff*,

        -against-

ARID SOLUTIONS, INC. (D/B/A ARID SOLUTIONS) and MICHAEL DEBIASIO,

                        *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**
**ECF Case**

       Plaintiff Fabian Carrasco Leon ("Plaintiff Carrasco" or "Mr. Carrasco"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Arid Solutions, Inc. (d/b/a Arid Solutions), ("Defendant Corporation") and Michael Debiasio ("Individual Defendant," and collectively with the Defendant Corporation, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.    Plaintiff Carrasco is a current employee of Defendants Arid Solutions, Inc. (d/b/a Arid Solutions) and Michael Debiasio.

       2.    Defendants own, operate, or control a construction company specializing in roofing, located at 1 Station Rd., Ste. A, Lincoln Park, NJ 07035 under the name "Arid Solutions."

       3.    Upon information and belief, individual Defendant Michael Debiasio, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Carrasco has been an employee of Defendants.

5. Plaintiff Carrasco has been employed as a roofer at the construction corporation located at 1 Station Rd., Ste. A, Lincoln Park, NJ 07035.

6. At all times relevant to this Complaint, Plaintiff Carrasco has worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he has worked.

7. Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, have failed to pay Plaintiff Carrasco appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct has extended beyond Plaintiff Carrasco to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Carrasco and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Carrasco now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Carrasco seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Carrasco's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company specializing in roofing located in this district. Further, Plaintiff Carrasco has been employed by Defendants in this district.

## **PARTIES**
*Plaintiff*

14. Plaintiff Fabian Carrasco Leon ("Plaintiff Carrasco" or "Mr. Carrasco") is an adult individual residing in Morris County, New Jersey.

15. Plaintiff Carrasco has been employed by Defendants at Arid Solutions from approximately January 2017 until on or about the present date.

16. Plaintiff Carrasco consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owns, operates, or controls a construction company specializing in roofing, located at 1 Station Rd., Ste. A, Lincoln Park, NJ 07035 under the name "Arid Solutions."

18. Upon information and belief, Arid Solutions, Inc. (d/b/a Arid Solutions) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 1 Station Rd., Ste. A, Lincoln Park, NJ 07035.

19. Defendant Michael Debiasio is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Debiasio is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Debiasio possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages

and compensation of the employees of Defendants, including Plaintiff Carrasco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a construction company specializing in roofing located in the Lincoln Park section in New Jersey.

21. Individual Defendant, Michael Debiasio, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Carrasco's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Carrasco, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Carrasco (and all similarly situated employees) and are Plaintiff Carrasco's (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201 *et seq*.

25. In the alternative, Defendants constitute a single employer of Plaintiff Carrasco and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Michael Debiasio operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants have been Plaintiff Carrasco's employers within the meaning of the FLSA. Defendants have had the power to hire and fire Plaintiff Carrasco, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Carrasco's services.

28. In each year from, 2017 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the construction corporation on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

30. Plaintiff Carrasco is a current employee of Defendants who has been employed as a roofer. Plaintiff Carrasco seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Fabian Carrasco Leon*

31. Plaintiff Carrasco has been employed by Defendants from approximately January 2017 until on or about the present date.

32. Defendants have employed Plaintiff Carrasco as a roofer.

33. Plaintiff Carrasco has regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New Jersey.

34. Plaintiff Carrasco's work duties have required neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Carrasco has regularly worked in excess of 40 hours per week.

36. From approximately January 2017 until on or about March 2017, Plaintiff Carrasco worked as a roofer from approximately 7:00 a.m. until on or about 4:30 p.m., five days a week (typically 47.5 hours per week).

37. From approximately April 2017 until on or about October 2017, Plaintiff Carrasco worked as a roofer from approximately 5:30 a.m. until on or about 3:00 p.m., six days a week (typically 57 hours per week).

38. From approximately November 2017 until the present date, Plaintiff Carrasco has worked as a roofer from approximately 7:00 a.m. until on or about 4:30 p.m., five days a week (typically 47.5 hours per week).

39. Throughout his employment, Defendants have paid Plaintiff Carrasco his wages in a combination of check and cash.

40. From approximately January 2017 until on or about March 2017, Defendants paid Plaintiff Carrasco $12 per hour for 40 hours per week and $12 per hour for an average of five overtime hours per week.

41. From approximately March 2017 until on or about June 2017, Defendants paid Plaintiff Carrasco $13 per hour for 40 hours per week and $13 per hour for an average of five overtime hours per week.

42. From approximately June 2017 until the present date, Defendants have paid Plaintiff Carrasco $15 per hour for 40 hours per week and $15 per hour for an average of five overtime hours per week.

43. Defendants have failed to pay Plaintiff Carrasco for hours spent working outside his regularly scheduled shift times, which has resulted in Defendants failing to pay Plaintiff Carrasco overtime wages for all hours worked.

44. For example, Defendants have required Plaintiff Carrasco to work an additional 30 minutes past his scheduled departure time two days a week, and have not paid him for the additional time he has worked.

45. Plaintiff Carrasco has not been required to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device such as punch cards, that accurately reflect his actual hours worked.

46. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Carrasco regarding overtime and wages under the FLSA.

47. In fact, Defendants have adjusted Plaintiff Carrasco's paystubs so that they have reflected inaccurate wages and hours worked.

*Defendants' General Employment Practices*

48. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Carrasco (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

49. Plaintiff Carrasco has been a victim of Defendants' common policy and practices which violate his rights under the FLSA by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

50. Defendants have habitually required Plaintiff Carrasco to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

51. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

52. Defendants' time keeping system has not reflect the actual hours that Plaintiff Carrasco has worked.

53. Plaintiff Carrasco has been paid his wages in a combination of check and cash.

54. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

55. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Carrasco (and similarly situated individuals) have worked, and to avoid paying Plaintiff Carrasco properly for his full hours worked.

56. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

57. Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiff Carrasco and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff Carrasco brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59. At all relevant times, Plaintiff Carrasco and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans

including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

60.  The claims of Plaintiff Carrasco stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61.  Plaintiff Carrasco repeats and realleges all paragraphs above as though fully set forth herein.

62.  At all times relevant to this action, Defendants have been Plaintiff Carrasco's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Carrasco (and the FLSA Class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for his employment.

63.  At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

64.  Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

65.  Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Carrasco (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.  Defendants' failure to pay Plaintiff Carrasco (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

67.  Plaintiff Carrasco (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carrasco respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Carrasco and the FLSA Class members;

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Carrasco's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Carrasco and the FLSA Class members;

(e) Awarding Plaintiff Carrasco and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Carrasco and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Awarding Plaintiff Carrasco damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(h) Awarding Plaintiff Carrasco and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(i) Awarding Plaintiff Carrasco and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(j) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Carrasco demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 20, 2018

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Sara J. Isaacson
Sara J. Isaacson, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: sisaacson@faillacelaw.com
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 16, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Fabian Carrasco Leon

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                _Fabian_

Date / Fecha:                     16 de Febrero 2018

*Certified as a minority-owned business in the State of New York*